UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHARLES POINTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-cv-2134-RLW |
|  | ) |  |
| BILL KENNEDY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Charles Pointer for leave to commence this civil action without payment of the required filing fee. The Court has reviewed the motion, and has determined that plaintiff is financially unable to pay the filing fee. The Court will therefore grant the motion. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC,* 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry,* 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1981 against Bill Kennedy, an All Insurance agent. Plaintiff avers that he and Kennedy both live in the State of Missouri. According to the complaint, Kennedy raised plaintiff's insurance rates from $180 per month to $285.91 per month without sending plaintiff information about how his claims were settled. Kennedy said "go get a lawyer and have him call me. I do not have to speak to you." On October 19, 2018, no claims adjuster looked at damage done to plaintiff's car before his rates were increased.

Plaintiff describes three auto accidents for which he filed insurance claims. On one occasion, plaintiff was hit by an uninsured motorist, and plaintiff believes the person should have remained on the scene and completed a police report. On another occasion, plaintiff's car slid on

ice and hit another car, and plaintiff states he believes this was an act of nature. On a third occasion, plaintiff's car door was damaged by a tractor trailer, but the police said they could not tell who caused the accident. Plaintiff claims Kennedy did not tell him how many claims a person could file before suffering a rate increase. Plaintiff states that Kennedy discriminated against him because he is black. Plaintiff also states he has a right to know who his accuser was so he could ask why his rates were being raised, and he states he did not agree to a document that was sent to him regarding raising his rates. He alleges that Kennedy had a duty to litigate each of his claims and inform him in writing about what settlements were made before raising his rates. In pages attached to the complaint, plaintiff appears to attempt to set forth claims for negligence, breach of contract, and other state law torts.

Plaintiff describes having health problems, and having trouble paying his bills. As relief, he seeks $100,000 in both punitive and compensatory damages, and he seeks an additional $100,000 for "mental anguish, pain and suffering." He also asks the Court to order that his insurance rates be reduced to the original $180 per month, and that accidents be removed from his driving record.

## Discussion

Section 1981 grants all persons within the United States equal rights "to make and enforce contracts." 42 U.S.C. § 1981(a). To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Edwards v. Jewish Hosp. of St. Louis*, 855 F.2d 1345, 1351 (8th Cir. 1988). The instant complaint contains no non-conclusory allegations that defendant's actions were motivated by purposeful race discrimination. Plaintiff therefore fails to state a claim under § 1981.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff should type or very neatly print the amended complaint, and he must clearly set forth the specific factual allegations supporting his claim or claims against the defendant or defendants. Plaintiff's failure to make specific and actionable allegations against any defendant will result in that defendant's dismissal from this case.

Plaintiff has also filed a motion to appoint counsel. (Docket No. 3). The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as the defendant has not

been served with process, and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Finally, the Court addresses plaintiff's "Motion to File a Temporary Injunction and Preliminary Injunction." (Docket No. 4). Therein, plaintiff can be understood to seek a preliminary injunction or a temporary restraining order against the defendant to stop him from charging plaintiff $285 per month for insurance. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding whether to grant or deny such injunctive relief in this Circuit, courts consider: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Here, plaintiff has not met his burden of establishing all of the *Dataphase* factors sufficient to demonstrate entitlement to injunctive relief at this stage of the case. In addition, plaintiff has yet to file a viable complaint, and the motion is therefore premature. The Court will therefore deny the motion, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Civil Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to File a Temporary Injunction and Preliminary Injunction (Docket No. 4) is **DENIED** without prejudice.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 7th day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE