# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES POINTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-2134-RLW |
| ) | |
| BILL KENNEDY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Charles Pointer. For the reasons explained below, this case will be dismissed.

### Background

Plaintiff, who is a frequent *pro se* and *in forma pauperis* litigator in this Court, initiated this civil action on December 21, 2018 by filing a complaint against Bill Kennedy, his auto insurance agent. He averred that he and Kennedy were both Missouri residents. He stated he intended to proceed pursuant to 42 U.S.C. § 1981. His claims were based upon an allegedly wrongful increase in his monthly insurance premiums. Briefly, he alleged he was involved in three auto accidents for which he filed insurance claims, and that Kennedy failed to inform him of the disposition of those claims before raising his monthly insurance premium from $180 per month to $285.91 per month. Plaintiff also stated, in wholly conclusory fashion, that Kennedy discriminated against him because he is black. Upon initial review, the Court concluded that the complaint contained no non-conclusory allegations that defendant's actions were motivated by purposeful race discrimination, and that plaintiff therefore failed to state a claim under 42 U.S.C. § 1981. In consideration of plaintiff's *pro se* status, the Court entered an order explaining why

plaintiff's complaint was subject to dismissal, and giving him the opportunity to file an amended complaint. Plaintiff timely filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an action filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation"). This Court must liberally construe *pro se* complaints, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but need not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Amended Complaint**

In the amended complaint, plaintiff alleges his claims arise under the "1964 Civil Rights Bill" and "14th amendment due process." (Docket No. 8 at 3). As in the original complaint, he

2

names Bill Kennedy as the defendant, and he avers he and Kennedy are both Missouri residents. Also as in the original complaint, plaintiff's claims are based upon the allegedly wrongful increase in his monthly insurance premiums. He states he had three auto accidents for which he filed insurance claims, and that Kennedy promised to send him information about how his claims were settled. Plaintiff repeatedly alleges that Kennedy nevertheless raised his auto insurance premiums from $180 to $285 per month without telling him how his claims were settled. Plaintiff claims this amounted to "breach in contract leading to promissory estoppel," and he repeatedly claims that Kennedy acted in bad faith. *Id.* At one point in the amended complaint, plaintiff writes: "Kennedy discriminated against me because I was black." *Id.* at 15. Plaintiff also claims he is entitled to relief because, *inter alia*, Kennedy: sent him an unsigned document about his rate increase; did not send a claims adjuster to his house to assess damage to his vehicle; failed to tell him who was at fault in the three accidents he was involved in; and gave him an incorrect address to which to send a letter. He alleges that Kennedy's actions left him unable to afford important bills, or have his daughters visit him. Attached to the complaint is a notification from plaintiff's insurance company that his new Electronic Funds Transfer deduction will be $285, and correspondence plaintiff sent to Kennedy seeking information about his claims.

As relief, plaintiff asks this Court to give him a "clean record of no accidents because defendant never settled them," and he asks the Court to reduce his monthly auto insurance premiums to $180. *Id.* at 4. He also seeks monetary relief.

**Discussion**

Plaintiff alleges his claims arise under the "1964 Civil Rights Bill," which is an apparent reference to the Civil Rights Act of 1964. However, plaintiff does not state, nor is it apparent, what provision of the Act his claims can be understood to arise under. Nevertheless, plaintiff

3

alleges no facts permitting the conclusion that he suffered discrimination on the basis of his race, color, religion, sex or national origin. As noted above, at one point in the amended complaint, plaintiff states that Kennedy discriminated against him because he is black. However, this statement is merely the sort of "the defendant unlawfully harmed me" accusation that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."). Similarly, to the extent plaintiff can be understood to proceed pursuant to 42 U.S.C. § 1981, he fails to state a viable claim for relief because he alleges no facts permitting the conclusion that Kennedy engaged in purposeful, racially discriminatory conduct. *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982) (§ 1981 is violated only by purposeful discrimination). Having liberally construed the amended complaint, the Court concludes it alleges nothing more than a "mere possibility of misconduct," and therefore fails to demonstrate a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

Plaintiff also alleges that his claims arise under the Fourteenth Amendment. However, the Fourteenth Amendment applies only to the actions of the States, and plaintiff herein does not allege, nor is it apparent, that Kennedy acted under color of state law. For this same reason, plaintiff's allegations would not state a claim under 42 U.S.C. § 1983 for violation of any other right, privilege or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth the elements of a § 1983 claim). Finally, there is no basis for this Court's jurisdiction under 28 U.S.C. § 1332, and to the extent plaintiff can be understood to assert any state law claims that have not been explicitly addressed herein, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

For all of the foregoing reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED.** A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of January, 2019.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE